Spear, J.
The indictment was found and prosecution conducted under section 7076, Revised Statutes, which is: “Whoever, by any false pretense, with intent to defraud, obtains from any person anything of value, or procures the signature of any person, as maker, indorser, or guarantor thereof, to any bond, bill, receipt, promissory note, draft, or check, or any other evidence of indebtedness, and whoever sells, barters, or disposes of, or offers to sell, barter, or dispose of, any bond, bill, receipt, promissory note, draft, or check, knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretense, shall, if the value o'" the property or instrument so procured, sold, bartered, or disposed of, or offered to be sold, bartered, or *138 disposed of, is thirty-five dollars or more, be imprisoned in the penitentiary not more than three years, nor less than one year, or, if the value is less than that sum, be fined not more than one hundred nor less than ten dollars, or imprisoned not more than sixty nor less than ten days, or both.”
It was the opinion of the court of common pleas that the terms of the foregoing section are sufficiently comprehensive to embrace, as a thing of value, the conveyance of real estate, and so overruled the demurrer to the indictment. The circuit court, however, was of the opposite opinion, holding that the statute does not embrace or relate to real estate; in other words that the procuring of title to real estate by false pretense's cannot be punished under our statute; arid the foregoing states the principal question in the case.
We find ourselves in accord with the conclusion reached by the court of common pleas. It can hardly be urged with any show of reason that the term “anything of value” is not in itself sufficiently comprehensive to embrace things which savor of real estate, but it is urged that, taking the present statute in connection with the statute as it stood before the adoption of the section in its present form, it could not have been the intention of the general assembly to make any radical change in meaning. It is true that the language employed prior to the revision of 1880 related to transactions affecting personal property, and did not contain terms the equivalent of “anything of value,” and had it been sought to punish frauds relating to real estate under the statute as it. then stood the *139 answer would have been that the alleged offense did not come within the purview of the statute. The words “anything of value” were made to take the place of “money, goods, chattels, merchandise, or effects whatsoever,” and the change is one of substance. The claim in support of the contention that the present statute cannot be held to cover fraudulent transactions relating to real estate is that the change was the work of the codifying commission, which had no authority to make changes in matters of substance, and that, as held in Allen v. Russell, 39 Ohio St., 336, where the statutes have been revised and consolidated, a strong presumption follows that the same construction that would have been given to the statute before revision should be given to the revised and consolidated statute. But there is a possibility of carrying this presumption to unreasonable lengths, and indeed the same case is authority for the proposition that “where one or more sections are repealed and re-enacted in a different form, the fair inference is, in general, that- a change in meaning was intended,” and “if it be clear from the words that a change in substance was intended, the statute must 'be enforced in accordance with its changed form.” We think it would be unreasonable to apply the presumption first stated to the present case. Manifestly there was good reason for an enlargement of the scope of the statute. Frauds in relation to deals in real estate were becoming common, and- the importance of a change in the statute was plain. Nor is it accurate to treat the change in the statute as the work of the codifying commission. Their codification was *140 submitted to, considered by, and adopted by the law making body of the state, the general assembly. It should not receive any less respect because the change may have been recommended by three commissioners learned in the law instead of being proposed in the first instance by some single member of the general assembly, and after all is said, the enactment receives its vigor and force as law by reason of its enactment by the general assembly, no matter from what source the inspiration came. Not only is there a change of phraseology in the statute, but there is manifestly a radical and far reaching change in the scope of the act itself. This rendering of the statute finds support, also, in the language of section 6794, where it is provided that in the interpretation of part four (the penal part of the statute) “the term ‘anything of value’ includes * * * things which savor of the realty, and are, at the time they are taken, a part of the freehold, whether they be of the substance or produce thereof, or affixed thereto * * * and every other thing of any value whatever.” It would seem strange if it were the intention to include within the protection of the statute the inferior things of value, such as farm produce, and at the same time to exclude from such protection the farm itself. The vigilant counsel have called attention to a number of authorities, several from other states, bearing with more or less pertinency upon the question in issue, which will be found cited in the reporter’s notes. We have not deemed it necessary to review them, the question being one affecting only the scope and purpose of our own statute.
*141 The objection that, even if the statute be broad enough to embrace the fraudulent obtaining of title to real estate, nevertheless the indictment is bad for uncertainty, has not been overlooked. We do not think the point well taken. The test is, has the accused party been apprised in the indictment of the charge against him so that he may know what he is expected to meet and will be required to answer? This test, we think, is substantially and fully met by the averments of the indictment, and that there is. in the language of the statute of jeofails, “sufficient matter alleged to indicate the crime and person charged.”
This conclusion requires a reversal of the judgment of the circuit court and' an affirmance of the judgment of the court of .common pleas, and it will be so ordered.

Reversed.

Summers Davis and Si-iauck, JJ., concur.